IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jobari Robinson, )<br> )<br>          Plaintiff, )<br> )<br>v. )<br> )<br>Joshua A. Pettit and Ernest Michael )<br>Patrick O'Brien, Sr., )<br> )<br>          Defendants. )<br>_____ ) | Case No. 6:25-cv-11414-DCC<br><br><br>**ORDER** |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On September 18, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No.15.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends summary dismissal of Plaintiff's complaint because abstention is appropriate under *Younger*,[1] Defendant O'Brien is entitled to judicial immunity, and Plaintiff has failed to state a plausible claim for relief.  Because Plaintiff filed objections, the Court's review has been de novo.

With respect to Defendant O'Brien, Plaintiff acknowledges that he is entitled to judicial immunity.  Accordingly, Defendant O'Brien is dismissed from this action.

---

[1] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

2

As noted above, the Magistrate Judge recommends abstention under *Younger*. The *Younger* abstention applies in cases with underlying criminal proceedings when three elements are met: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Here, Plaintiff has met the requirements for abstention under *Younger*: 1) Plaintiff is involved in ongoing state criminal proceedings; 2) it has been recognized that the administration of criminal justice is a powerful state interest; and 3) Plaintiff can raise his concerns in the state court action. Further, there are no extraordinary circumstances present such that intervention by the Court would be proper. Accordingly, to the extent Plaintiff seeks injunctive relief, abstention under *Younger* is appropriate.[2]

Turning to the merits of Plaintiff's claim, as explained in more detail by the Magistrate Judge, Plaintiff brings a claim for malicious prosecution. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*,

---

[2] Federal courts typically stay rather than dismiss claims for money damages during the pendency of the state court proceedings. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). Nevertheless, dismissal rather than a stay is appropriate when the plaintiff's damages claims are "plainly barred" for other reasons. *See Nivens v. Gilchrist*, 444 F.3d 237, 248–50 (4th Cir. 2006). Here, as set forth below, the instant matter is barred for other reasons; thus, it should be dismissed for failure to state a claim (even aside from *Younger*).

3

703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. Accordingly, Plaintiff has failed to state a plausible claim for relief and dismissal is appropriate.

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 20, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

4

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.